IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MONTY ODELL C.,**[1]

        Plaintiff,

v.

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

        Defendant.

No. 3:20-cv-00004-JR

OPINION AND ORDER

**MOSMAN, J.,**

On October 13, 2020, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F. & R.") [ECF 16]. Judge Russo recommends that I reverse and remand this case for the immediate payment of benefits beginning on May 31, 2015. The Commissioner filed Objections [ECF 18], to which Plaintiff filed a Response [ECF 19]. Upon review, I agree with and therefore ADOPT Judge Russo's recommendation.

## BACKGROUND

Plaintiff Monty C. alleges disability beginning May 31, 2015. Plaintiff testified that he stopped working at that time because he "couldn't walk anymore." Tr. Soc. Sec. Admin. R. [ECF

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

11] at 43. Plaintiff further testified that he did not seek immediate medical attention at that time because "I lost everything. I lost my house, my wife left me. So I was kind of couch hopping because I had nowhere to live." Tr. 44. Plaintiff eventually saw a doctor at the behest of a friend. Tr. 44.

Dr. Howard S. Shapiro, an impartial medical expert, testified that an MRI performed in March 2016 revealed a herniated disc, narrowing of the spinal canal, and degenerative joint disease. Tr. 16, 39–40. Plaintiff's counsel asked Dr. Shapiro if it was "medically probable" that Plaintiff was disabled in May 2015, when he stopped working and less than a year before the MRI. Tr. 41. Dr Shapiro responded, "[F]rom a medical point of view, [the answer] is yes." Tr. 41.

An Administrative Law Judge ("ALJ") found partially in Plaintiff's favor, concluding that Plaintiff "became disabled" on March 29, 2016. Tr. 16. The ALJ generally gave "substantial weight to Dr. Shapiro's opinion" but gave "less weight" to his opinion that Plaintiff's impairments were disabling as of May 2015 "because the record does not contain *any* objective medical evidence to corroborate or support" the opinion. Tr. 22. The ALJ reasoned that "there are no treatment records, diagnostic images, or objective medical signs and findings to support or corroborate the claimant's allegations of disabling functional impairments and limitations" prior to March 2016. Tr. 21.

Judge Russo recommends that I reverse the ALJ's decision, find fully in favor of Plaintiff, and remand for the immediate payment of benefits beginning May 31, 2015. F. & R. [ECF 16] at 8.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

The Commissioner urges me to reject Judge Russo's F. & R., arguing that the dearth of pre-2016 medical records defeats Plaintiff's argument that his onset date was May 2015. Def.'s Objs. [ECF 18] at 3–7. The Commissioner faults Plaintiff for not seeking medical treatment sooner and argues that the ALJ was correct to reject Dr. Shapiro's "unsupported" and "conclusory" opinion. *Id.*

But as Judge Russo explained, medical experts such as Dr. Shapiro are often tasked with helping determine a disability's onset date in the absence of contemporaneous medical records. F. & R. [ECF 16] at 5 (citing *Wellington v. Berryhill*, 878 F.3d 867, 873–74 (9th Cir. 2017); *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017)). A medical expert's opinions "may serve as substantial evidence when they are supported by other evidence in the record and are

3 – OPINION AND ORDER

consistent with it." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

Here, Judge Russo correctly concluded that "there is certainly nothing in the record to contradict Dr. Shapiro's opinion regarding the alleged onset date and plaintiff's symptom statements have been consistent." F. & R. [ECF 16] at 5–6. Judge Russo appropriately rejected the premise that a plaintiff needs objective imaging studies to prove the onset date. *Id.* at 5 n.3. And she correctly observed that Plaintiff had legitimate reasons for not seeking treatment in a more-timely fashion. *Id.* Moreover, Dr. Shapiro's opinions were not conclusory. Dr. Shapiro provided a detailed summary of his findings. Tr. 38–40. In fact, he was set to continue when the ALJ cut him off. Tr. 40 ("Okay. All right. That's enough, Doctor."). Considering Dr. Shapiro's testimony in its entirety, his opinion regarding the onset date is neither conclusory nor unsupported; it is based on and consistent with the relevant records. Tr. 38–41. I therefore agree with Judge Russo.

The Commissioner argues that even if I agree with Judge Russo on the above points, I should nevertheless remand this case for further proceedings, rather than adopt the recommendation to remand for immediate payment of benefits. Def.'s Objs. [ECF 18] at 8–9. However, Judge Russo persuasively reasoned that further proceedings would serve no useful purpose. F. & R. [ECF 16] at 7–8. I agree.[2]

//

//

//

---

[2] I also agree with Judge Russo's decision to not address Plaintiff's other allegations, as his success on the issue regarding Dr. Shapiro's testimony is dispositive.

4 – OPINION AND ORDER

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation, and I ADOPT the F. & R. [ECF 16] as my own opinion. The ALJ's decision is REVERSED, and this case is REMANDED for the immediate payment of benefits beginning on May 31, 2015.

IT IS SO ORDERED.

DATED this  31st  day of December, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER